UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EFRAIN TZI-CHOC,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | CAUSE NO. 3:26cv804 CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Efrain Tzi-Choc, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

The parties agree Mr. Tzi-Choc is a citizen of Guatemala who applied for admission into the United States in 2016. ECF 6-1 at 2. He was served with a notice to appear and then paroled into the country. *Id.* at 2, 8. In May 2026, he was arrested for domestic battery and strangulation in Cass County, Indiana, and then transferred into the custody of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. *Id.* at 5, 7. He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings.

He argues that he has been unlawfully denied an opportunity for release on bond because officials view him as categorically ineligible for bond under 8 U.S.C. § 1225(b)(2).

He seeks immediate release from custody or a prompt custody redetermination hearing before an immigration judge.

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. ECF 3. The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." *Id.* at 3. The Respondents answered the petition (ECF 6), and Mr. Tzi-Choc filed a reply (ECF 8).

In their response, the Respondents repeated their arguments from *Aguilar* and other cases that the court lacks jurisdiction over the petition and that Mr. Tzi-Choc's detention is authorized by § 1225(b)(2). ECF 6. However, after the Respondents' response was filed, the Seventh Circuit joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission'" fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other

requirements."[1] *Cirrus Rojas v. Olson*, 183 F.4th 909, 920 (7th Cir. 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Lopez Funes v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.).

In light of this intervening decision, the Respondents now concede that Mr. Tzi-Choc's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized custody redetermination hearing. ECF 13. The Respondents nevertheless argue that Mr. Tzi-Choc "still must move the immigration court for the hearing and exhaust his administrative remedies." *Id.* at 1-2. Mr. Tzi-Choc has not responded to this argument.

The parties agree that 8 U.S.C. § 1226(a) applies. That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain

---

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin,* ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306. Here, Mr. Tzi-Choc was arrested pursuant to a warrant, which accords with § 1226(a). ECF 6-1 at 7. However, he has not been granted an opportunity for bond by an immigration judge because the government viewed him as ineligible for bond under § 1225(b)(2). This was error for the reasons previously explained.

The Respondents argue that the court should not grant Mr. Tzi-Choc any relief until he exhausts all available administrative remedies. ECF 13. The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

In light of the Seventh Circuit's recent opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Respondents represent that "if Petitioner moves for a custody redetermination in immigration court, a bond hearing will be scheduled and held." ECF 13

at 2. The court has no reason to doubt the veracity of this representation, made by an officer of the court, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Although Mr. Tzi-Choc asks for outright release, he was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). Under these circumstances, the appropriate course is to require Mr. Tzi-Choc to pursue a bond request in his removal proceedings. Unless he is found categorically ineligible for bond after requesting a custody redetermination by an immigration judge, it is premature for him to seek federal habeas relief.

For these reasons, the petition is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on September 23, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT